IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

UNITED STATES OF AMERICA  \*
\*
\*   Case No. 17-po-2724
v.   \*
\*
\*
RAMIRO I. JAUREGUI ZABALAGA,   \*
\*
\*
Defendant   \*
\*\*\*\*\*\*\*\*\*\*\*\*

## MEMORANDUM OPINION AND ORDER OF COURT

This matter is before the Court on Defendant's Motion to Suppress and for a *Franks* Hearing (ECF No. 30) and the Government's Response in Opposition (ECF No. 34). Defendant did not file a reply within the time prescribed by Local Rules 105.2.a and 207. Defendant requests a *Franks* hearing and seeks the suppression of the results of a blood test obtained by the United States Park Police through a telephonic search warrant authorized by the Honorable United States Magistrate Judge Charles B. Day following Defendant's arrest for driving under the influence of alcohol. In addition to considering the parties' arguments, the Court has reviewed the audio recording of the telephonic application for the search warrant to obtain Defendant's blood sample. For the reasons stated below, Defendant's motion for a *Franks* hearing and for suppression of evidence is **DENIED**.

"To obtain a *Franks* hearing, a defendant must make a 'substantial preliminary showing' that the affiant made (1) a false statement (2) 'knowingly and intentionally, or with reckless disregard for the truth' that was (3) 'necessary to the finding of probable cause.'" *United States v. White*, 850 F.3d 667, 673 (4th Cir.) (quoting *Franks v. Delaware*, 438 U.S. 154,

155-56 (1978)), *cert. denied*, 137 S. Ct. 2252 (2017). "[A] defendant's showing for a *Franks* hearing 'must be more than conclusory.'" *Id.* at 674 (quoting *Franks*, 438 U.S. at 171). The defendant's burden is heavy. *United States v. Jeffus*, 22 F.3d 554, 558 (4th Cir. 1994). "[S]uppression under *Franks* is called for if the district court determines that the affidavit contained false or misleading statements or omissions that were 'essential to the probable cause determination.'" *United States v. Chandia*, 514 F.3d 365, 373 (4th Cir. 2008) (quoting *United States v. Colkley*, 899 F.2d 297, 300 (4th Cir. 1990)).

Here, Defendant contends that the Court should hold a *Franks* hearing because the officer who initiated the telephone call, Sergeant Koehler, made two statements to Judge Day that were false because they conflicted with the police report. According to Defendant, Sergeant Koehler represented to Judge Day that Defendant started too soon on the walk-and-turn test 17 times, but the police report stated that he did so four times. Defendant further maintains that Sergeant Koehler represented to Judge Day that Defendant demonstrated poor balance on the one-leg-stand test, but the police report stated that he held the requested position for 25 seconds. The Government maintains, however, that, according to the police report, Defendant started the walk-and-turn test early more than four times, so Sergeant Koehler's statement regarding his performance on this test was not misleading. The Government also contends that Defendant fails to show that the sergeant's statement about Defendant's performance on the one-leg-stand test was more than negligence or an innocent mistake, as the sergeant related that his "notes [were] a little jumbled." Other than his bald assertion that Sergeant Koehler's "misstatements made to Judge Day were intentionally false or made with reckless disregard for the truth," Defendant fails to make a substantial preliminary showing that the sergeant made these statements intentionally

to deceive Judge Day or with reckless disregard for their truth. Defendant's *Franks* motion thus fails.

In any event, the Court next considers whether these statements, under the totality of the circumstances, were "material" under *Franks*, or, in other words, necessary to the finding of probable cause. *See United States v. Lull*, 824 F.3d 109, 117-18 (4th Cir. 2016). Here, the Court finds that they were not, because the sergeant's statements to Judge Day regarding Defendant's performance on the walk-and-turn and one-leg-stand tests were unnecessary to the magistrate judge's probable-cause determination. According to the audio recording of the telephonic application, Sergeant Koehler reported to Judge Day that at about 1:20 a.m. on January 27, 2017, United States Park Police officers encountered Defendant in a motor vehicle stopped on the westbound travel lane on the Clara Barton Parkway. The officers observed Defendant sleeping in the driver's seat of the vehicle, which was impeding traffic. Defendant was instructed to exit the vehicle to submit to standard field sobriety tests that included the horizontal-gaze nystagmus ("HGN") test, the walk-and-turn test, and the one-leg-stand test. On the HGN test, Defendant presented all six clues. Sergeant Kohler also reported that the officers noted the odor of an alcoholic beverage upon making contact with Defendant. Under these circumstances, probable cause existed for Judge Day to issue a search warrant for a sample of Defendant's blood.

Moreover, the Court's "inquiry does not end simply because [Defendant] is not entitled to relief under *Franks*." *Chandia*, 514 F.3d at 373. Suppression would still be warranted if Sergeant Koehler's remaining statements were not sufficient to establish probable cause for the search. *See id.* "[I]f an affidavit includes false statements knowingly and intentionally (or recklessly) made, the evidence seized in the resulting search will not be suppressed if the affidavit, purged of the false statements, is nonetheless sufficient to establish probable cause."

3

*United States v. Okun*, 453 F. App'x 364, 371-72 (4th Cir. 2011) (per curiam) (citing *United States v. Friedemann*, 210 F.3d 227, 229 (4th Cir. 2000) (requiring suppression only if false statements necessary to finding of probable cause)). As discussed above, Sergeant Koehler's other statements in his telephonic application sufficiently establish probable cause for the issuance of the search warrant, so suppression of the evidence of the blood draw in this case is not warranted. For these reasons, Defendant's Motion to Suppress and for a *Franks* Hearing (ECF No. 30) is **DENIED**.

Date: November 15, 2018

/s/
Thomas M. DiGirolamo
United States Magistrate Judge